**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY,<br>555 College Road East<br>Princeton, NJ 08543<br><br>Plaintiff,<br><br>v.<br><br>PRECIOUS PIES & CATERING LLC, dba LAYLA LOUNGE,<br>501 Morse Street NE<br>Washington, DC 20002<br><br>Defendant. | Civil Action No. 17-572 |

## COMPLAINT

Plaintiff, The Princeton Excess And Surplus Lines Insurance Company ("PESLIC"), through counsel, respectfully submits this Complaint against Defendant, Precious Pies & Catering LLC, dba Layla Lounge (the "Lounge"). In support thereof, PESLIC alleges as follows:

## INTRODUCTION

1. This is an action for declaratory judgment and other relief, brought pursuant to 28 U.S.C. §§ 2201 and 2202, for the purpose of resolving an actual controversy between the parties regarding the rights and obligations arising under a Commercial General Liability policy that PESLIC issued to the Lounge. In particular, PESLIC seeks a declaration that it owes no defense or indemnity obligation under the subject insurance policy with respect to the Lounge's alleged liability in an underlying civil lawsuit pending in the Superior Court of the District of Columbia, styled *Kimberly Harmon, Personal Representative of the Estate of Eric Girard Jones v. Precious Pies & Catering LLC*, Case No. 2016 CA 007643 (the "Underlying Lawsuit").

## THE PARTIES

2. PESLIC is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in Princeton, New Jersey, and is authorized to transact business within the District of Columbia as a surplus lines insurer.

3. Upon information and belief, the Lounge is a limited liability company organized and existing under the laws of the District of Columbia, with its principal place of business at 501 Morse Street NE, Washington, D.C. 20002. The Lounge's members include Michael Trevelline and Judy England, neither of whom is believed to be a resident of the State of New Jersey.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a), because complete diversity exists between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to this claim occurred within this district, and the Underlying Lawsuit is pending within this district.

## THE UNDERLYING LAWSUIT

6. On October 18, 2016, the Estate of Eric Jones (the "Estate") filed the Underlying Lawsuit in the Superior Court of the District of Columbia. (A true and correct copy of the Complaint filed in the Underlying Lawsuit is attached hereto as Exhibit 1.)

7. The Estate alleges that Eric Jones ("Jones") was an invitee and customer at the Lounge on October 22, 2015.

8. The Estate alleges that the Lounge had a duty to exercise reasonable care for the protection of customers and invitees.

9. The Estate alleges that, notwithstanding such duty, the Lounge negligently failed to provide adequate and reasonable protection for Jones, negligently failed to check and/or search individuals entering the premises for dangerous and/or deadly weapons, negligently failed to provide adequate security to break up arguments and altercations, and otherwise negligently failed to provide adequate security for the protection of Jones and those similarly situated.

10. The Estate alleges that, as a result of the above-described negligence, Jones was attacked by another patron who was in possession of a knife, which the individual was allegedly allowed to bring into the Lounge.

11. The Estate alleges that Jones was stabbed multiple times by the other patron in the commission of a crime.

12. The Estate alleges that, as a result of the stabbing, Jones suffered severe, painful, and permanent injury of body and mind, including conscious pain and suffering necessitating medical care.

13. The Estate alleges that Jones died on October 22, 2015 as a result of the stab wounds he sustained.

14. The Underlying Lawsuit is set forth in two causes of action (survival and wrongful death) for which the Estate seeks compensatory damages in the amounts of $5 million and $2 million, respectively, plus costs.

## THE PESLIC POLICY

15. PESLIC issued Policy No. 1RA3GL0000089-01 to the Lounge for the policy period July 15, 2015 to July 15, 2016 (the "PESLIC Policy"). (A true and correct copy of the PESLIC Policy is attached hereto as Exhibit 2.)

16. The PESLIC Policy consists of a Commercial General Liability coverage part (ISO Form CG 00 01 12 04), and provides liability limits of $1 million each occurrence, $1 million assault & battery, and $2 million general aggregate.

17. The PESLIC Policy provides, in relevant part, as follows:

**SECTION I - COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section **III** - Limits of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage **A** or **B** or medical expenses under Coverage **C**.

* * *

**2. Exclusions**

**a. Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of any insured, or its "employees," patrons, customers, agents or any other person.

* * *

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

* * *

**2. Duties In The Event of Occurrence, Offense, Claim Or Suit**

a. You must see to it that we are notified as soon as practicable of any "occurrence" or offense which may result in a claim. To the extent possible, notice should include:

(1) How, when and where the "occurrence" or offense took place;
(2) The names and addresses of any injured persons and witnesses; and
(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b. If a claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and
(2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable."

c. You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit."

* * *

**SECTION V – DEFINITIONS**

* * *

**13.** "Occurrence" means an accident, including continuous or conditions.

* * *

> **18.** "Suit" means a civil proceeding in which damages because of "bodily injury" … to which this insurance applies are alleged.

18. Under the "Limitation of Coverage to Designated Premises or Project" endorsement, the insurance under the PESLIC Policy applies only to "bodily injury," "property damage" or "personal and advertising injury" solely arising out of the ownership or use of the premises located at 501 Morse Street NE, Washington, D.C. 20002.

19. At all relevant times, the Lounge understood that the principal location of the insured risk during the term of the PESLIC Policy would be the District of Columbia.

**COUNT I – DECLARATORY RELIEF**
**(Breach of the Notice Condition of the PESLIC Policy)**

20. PESLIC restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

21. A "Public Incident Report" dated October 22, 2015 was prepared by responding officers from the Metropolitan Police Department, which identifies the offense at issue as "Murder I," by means of "entry knife/cutting tool." (A copy of the Public Incident Report is attached hereto as Exhibit 3.)

22. An "Accident/Incident Report Form" dated October 22, 2015 was prepared by the Lounge's security personnel, which reflects handwritten details of the stabbing incident. (A copy of the Accident/Incident Report Form is attached hereto as Exhibit 4.)

23. A "Case Report" dated October 22, 2015 was prepared by an authorized investigator of the Alcoholic Beverage Regulation Administration ("ABRA"). (A copy of the Case Report is attached hereto as Exhibit 5.)

24. According to the ABRA investigator's summary, an assault with a dangerous weapon (homicide) incident occurred at the Lounge, where a male was stabbed multiple times inside of the establishment, which resulted in the male's death.

25. The ABRA Case Report indicates that the Lounge's owner (Judy England) and security personnel gave statements to the investigator on October 22, 2015.

26. The ABRA Case Report states that the Lounge failed to follow the following provisions of its Security Plan:

> The establishment failed to wand patrons prior to their entry into the establishment, and did not physically search all patrons entering the establishment; the establishment did not use two (2) security team members to escort aggressive patrons out of the establishment following the altercation; and the establishment did not detain the patrons involved in the physical disturbance or obtain the required information to prepare an incident report.

27. The ABRA investigator determined that the Lounge was in violation of D.C. Official Code §25-783 (b). Specifically, the ABRA Case Report states that Jones should not have been permitted entry into the establishment due to his being under 21 years of age.

28. The Chief of Police of the Metropolitan Police Department wrote to the ABRA Director on October 22, 2015 requesting an immediate revocation of the Lounge's alcohol license to ensure the safety of all citizens and visitors of Washington, D.C.

29. On October 22, 2015, the Chief of Police sent a letter to Ms. England advising her that the Lounge would be closed for 96 continuous hours, starting at 6:00 p.m. on October 22, 2015, pending a determination by the Board.

30. The Lounge, through its owner, security personnel, and other representatives and employees, was aware, by no later than October 22, 2015, of the fact that Jones was stabbed

multiple times at the Lounge, that Jones was bleeding and unconscious, that he was taken away by ambulance, and that he died.

31. The fatal stabbing of Jones was sufficiently serious as to lead a person of ordinary intelligence and prudence to believe that it might give rise to a claim for damages.

32. The Lounge should reasonably have perceived the fatal stabbing of one of its patrons on its premises during business hours to be a reportable "occurrence" within the meaning of the PESLIC Policy.

33. The Lounge should reasonably have believed that it would likely be subject to a claim arising from the fatal stabbing of one of its patrons on its premises during business hours.

34. Notwithstanding the foregoing, the Lounge waited approximately 10 weeks, to and including January 6, 2016, before notifying PESLIC of the incident.

35. Moreover, upon being served with summons in the Underlying Lawsuit on December 3, 2016, the Lounge waited an additional nine weeks, to and including February 13, 2017, before notifying PESLIC of the pendency of such "suit" or forwarding any legal papers.

36. Under the facts and circumstances described herein, a ten-week delay in notifying PESLIC of the underlying "occurrence" was unreasonable, and constituted a breach of the notice condition of the PESLIC Policy.

37. Under the facts and circumstances described herein, a nine-week delay in notifying PESLIC of the Underlying Lawsuit was unreasonable, and constituted a breach of the notice condition of the PESLIC Policy.

38. Compliance with the notice provision of the PESLIC Policy is a contractual precondition to coverage, and the Lounge's failure to timely notify PESLIC of the "occurrence" or the "suit" releases PESLIC from any obligation or liability under the PESLIC Policy.

**COUNT II – DECLARATORY RELIEF**
**(Expected or Intended Injury Exclusion)**

39. PESLIC restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

40. The insurance under the PESLIC Policy does not apply to "bodily injury" expected or intended from the standpoint of any insured, or its "employees," patrons, customers, agents or any other person.

41. Based on the nature of the crime at issue, which allegedly arose out of a verbal altercation, the perpetrator (a Lounge patron) expected or intended "bodily injury" to result.

42. Accordingly, even if the Underlying Lawsuit is construed as seeking to impose a legal obligation upon the Lounge to pay damages because of "bodily injury," some or all of such damages are excluded from coverage under the PESLIC Policy pursuant to Exclusion A set forth above.

**COUNT III – DECLARATORY RELIEF**
**(Recoupment of Defense Costs)**

43. PESLIC restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as though set forth in full herein.

44. By letter dated March 3, 2017, PESLIC's third-party claims administrator advised the Lounge of PESLIC's agreement to provide the Lounge with a defense in the Underlying Lawsuit subject to a reservation of rights.

45. The March 3, 2017 letter expressly reserved PESLIC's right to seek reimbursement of the costs incurred in connection with the Lounge's defense in the Underlying Lawsuit.

46. PESLIC has incurred, and will continue to incur, legal fees and expenses relating to the defense of the Underlying Lawsuit.

47. To the extent it is later determined that there is no coverage available to the Lounge under the PESLIC Policy, PESLIC is entitled to reimbursement of all costs and expenses incurred in PESLIC's defense of the Lounge from March 3, 2017 going forward.

**PRAYER FOR RELIEF**

WHEREFORE, PESLIC respectfully requests that this Court enter judgment in its favor, and against the Lounge, as follows:

(a) Declaring that PESLIC owes no duty to defend or indemnify the Lounge under the PESLIC Policy with respect to the Underlying Lawsuit;

(b) Declaring that PESLIC is entitled to recoupment of defense costs and expenses incurred on behalf of the Lounge in the Underlying Lawsuit from March 3, 2017 going forward;

(c) Awarding PESLIC its attorneys' fees, costs, and disbursements in prosecuting this action; and

(d) Granting PESLIC any other and further relief as this Court deems just and appropriate.

Dated: March 29, 2017

Respectfully submitted,

By: /s/ Paul S. Schleifman
Paul S. Schleifman (D.C. Bar No. 367206)
SCHLEIFMAN LAW, PLC
1600 Wilson Boulevard, Suite 905
Arlington, VA 22209
Telephone: (703) 528-1021
Facsimile: (703) 831-8949
pschleifman@schleifmanlaw.com

Jordon S. Steinway (*pro hac vice* pending)
BATESCAREY LLP
191 North Wacker, Suite 2400
Chicago, IL 60606

Telephone: (312) 762-3169
Facsimile: (312) 762-3200
jsteinway@batescarey.com

*Counsel for Plaintiff*